## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **JEREMIE M. BRANDENBURG** : | **Case Number** |
| **Plaintiff** : | |
| : | |
| **vs.** : | **CIVIL COMPLAINT** |
| : | |
| **ALLIANT CAPITAL** : | |
| **MANAGEMENT, LLC** : | |
| **Defendant** : | **JURY TRIAL DEMANDED** |
| : | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Jeremie M. Brandenburg, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Jeremie M. Brandenburg, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), well as violations of the Iowa Debt Collection Practices Act – Iowa Code Sections 537.7101-537.7103, both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as relief from Invasion of Privacy by Intrusion Upon Seclusion.

## II.  <u>JURISDICTION</u>

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains a primary location in this District.

## III.  <u>PARTIES</u>

4.      Plaintiff, Jeremie M. Brandenburg, is an adult natural person residing in Davenport, Iowa.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.      Defendant, Alliant Capital Management, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Iowa and the State of New York with a principal place of business located at 210 John Glenn Dr., Suite 7, Amherst, New York 14228-2213.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  <u>FACTUAL ALLEGATIONS</u>

7.      On or about January 6, 2015, Plaintiff received a phone call at work from (855) 974-6540, which is a number used by Defendant.

8.      Defendant left a voicemail for Plaintiff stating that they were attempting to collect on an alleged pay day loan owed to American Web Loans.

9.      In this voicemail, Defendant advised Plaintiff that he was under review for a legal claim potentially being filed against him in connection with an account he had.

10.     This voicemail, which clearly stated that Plaintiff allegedly owed a debt, was left on Plaintiff's work voice mail, which is regularly monitored by Plaintiff's employer.

11.     Defendant knew or should have known that Defendant was initiating communication at an unusual time and unusual place known to be inconvenient for Plaintiff.

12.     Plaintiff called Defendant back in response to this voicemail.

13.     During the ensuing conversation, Defendant stated that Plaintiff owed a balance of approximately $800.

14.     Defendant further advised Plaintiff that he must settle this in full or he would be taken to Court.

15.     In or around early January 2015, Plaintiff received correspondence from Plaintiff regarding this alleged debt.

16.     This correspondence did not advise Plaintiff of his right to dispute this alleged debt within thirty (30) days.

17.     This correspondence also did not advise Plaintiff of his right to have verification/judgment mailed to Plaintiff.

18.     The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

22.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

23.     The above paragraphs are hereby incorporated herein by reference.

24.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

25.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

4

| | |
|---|---|
| §§ 1692b(2): | Contacting a third party and stating that the consumer owes any debt. |
| §§ 1692c(a)(1): | Prohibited communication at an unusual time, or unusual place known to be inconvenient for the consumer. |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person. |
| §§ 1692e: | Any false, deceptive, or misleading representation or means in connection with the debt collection. |
| §§ 1692e(2): | False or misleading representations in communications regarding character, amount, or legal status of the alleged debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g(a)(3): | 30 day validation notice must state right to dispute. |
| §§ 1692g(a)(4): | 30 day validation notice must state right to have verification/judgment mailed to consumer. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliant Capital Management, LLC, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

5

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.      Such addition and further relief as may be appropriate or that the interests

of justice require.

## COUNT II

### Violation of the Iowa Debt Collection Practices Act – Iowa Code Sections 537.7101-537.7103

26.      The above paragraphs are hereby incorporated herein by reference.

27.      The foregoing acts and omissions constitute violations of the Iowa Debt

Collection Practices Act including but not limited to, violations of:

(1)      A debt collector shall not oppress, harass or abuse a person

in connection with the collection or attempted collection of a debt

of that person or another person.

(2)      The communication of the fact of a debt to a person other than the

debtor or a person who might reasonably be expected to be liable for the debt, except

with the written permission of the debtor given after default.

(3)      A debt collector shall not use a fraudulent, deceptive, or

misleading representation or means to collect or attempt to collect a debt or to obtain

information concerning debtors.

(4)      An intentional misrepresentation, or a representation which tends

to create a false impression of the character, extent or amount of a debt, or of its status in

a legal proceeding.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, Alliant Capital Management, LLC, for the following:

a.      Actual damages;

6

b.     Statutory damages;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     The above paragraphs are hereby incorporated herein by reference.

29.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30.     Iowa recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Iowa state law.

31.     Defendant intentionally intruded upon Plaintiff's right to privacy to be harassing Plaintiff with telephone calls, abusing Plaintiff.

32.     The telephone calls made by Defendant to Plaintiff constitutes "hounding the Plaintiff," and "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33.     The conduct of Defendant in engaging in the illegal collection activities resulted in invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

35.     Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.      Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.      Such additional and further relief as may be appropriate or that the interests of justice require.

### V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**VULLINGS LAW GROUP, LLC**

**Date: April 29, 2015**                    **BY: _/s/Brent F. Vullings bfv8435_**
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiffs
bvullings@vullingslaw.com

8